IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STAR JOSEPH,

    Plaintiff,

v.                                        No. 1:21-cv-00838-KWR-GJF

ALBUQUERQUE POLICE DEPARTMENT, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff Star Joseph's refusal to pay an initial partial filing fee. Plaintiff is incarcerated and proceeding *pro se*. On August 26, 2021, he filed a Complaint alleging the police refused to "oust" elected state officials from office based on an alleged surety bond defect. *See* Doc. 1. The Complaint is one of at least 15 cases filed by Plaintiff in the past three months. *See Joseph v. U.S. Pub. Defs. Off.,* 2021 WL 5003326, at *2 (D.N.M. Oct. 28, 2021) (listing each filing). By an Order entered September 22, 2021, the Court granted leave to proceed *in forma pauperis* in the instant case and assessed an initial partial payment of $14.50. *See* Doc. 5 (IFP Order). Such payment is required by 28 U.S.C. § 1915(b). It represents 20% of the greater of Plaintiff's average account balance or monthly deposits. *See* 28 U.S.C. § 1915(b)(1). The IFP Order warned that the failure to timely comply would result in dismissal of this action without further notice.

Plaintiff failed to submit the initial payment by the October 22, 2021 deadline. Instead, he filed various objections and motions to discharge all fees and costs. *See* Docs. 6-7, 10-12. Plaintiff does not dispute the Court's accounting. He argues federal law permits all debts to be discharged because the "People are the creditors for the dollar," and repayment amounts to "debt

slavery." *See* Doc. 7 at 1; Doc. 12 at 2.  Such tactics are used by sovereign citizens and do not provide grounds to waive the initial payment.  *See, e.g., In re Hardee*, 2021 WL 1186477, at *2 n. 2 (Bankr. N.D. Ga. Mar. 26, 2021) (describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of … [citizens'] debts"); *Marvin v. Cap. One,* 2016 WL 4548382, at *5 (W.D. Mich. Aug. 16, 2016) (noting the reference to "debt slavery" and finding the claims "reek of … so-call sovereign citizen theory").

Plaintiff also appears to argue 28 U.S.C. § 1915 does not apply because he is asserting claims under the racketeering statute, 18 U.S.C. § 1962, rather than 42 U.S.C. § 1983.  *See* Docs. 6, 10.  Section 1915 requires an initial partial payment any time "a prisoner brings a *civil action*…."  28 U.S.C. § 1915(b)(1) (emphasis added).  It is irrelevant what type of civil action the prisoner asserts or whether he or she can ultimately obtain relief.   Plaintiff's opening pleading is titled Civil Complaint, and his objection acknowledges that he filed a "civil lawsuit."[1]   Doc. 12 at 1.  Accordingly, the IFP Order correctly found § 1915(b)(1) applies to this action and that Plaintiff must make an initial partial payment.   To the extent Plaintiff alleges Judge Fouratt lacked authority to enter the IFP Order or relies on other vitriol to excuse the initial payment, such arguments are frivolous.  *See* Doc. 11.  Plaintiff is admonished that any threats against federal judges may be forwarded to the U.S. Marshal.  *See Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 841 (10th Cir. 2005) (describing abusive pleadings and observing: "[s]uch writings are intolerable, and we will not tolerate them").

Plaintiff finally argues he cannot afford the payment.  He initially responded to the IFP

---

[1] Plaintiff lacks standing to file any other type of lawsuit, except for a habeas action.  *See Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Order by stating: "All money in [my] account was … a one time birthday gift and will soon be exhausted." *See* Doc. 7 at 1. The following month, on October 8, 2021, he noted his account balance is zero; he obtained a job paying $20 per month; but he will not have the money until November of 2021. *See* Doc. 12 at 1. Plaintiff also argues an initial partial payment is due in at least seven cases, and satisfying such obligation is "impossible." *Id.*

Plaintiff failed to submit an updated account statement to verify his balance. And, in any event, his arguments are insufficient to excuse the initial partial payment. Plaintiff admits he had at least some funds when the IFP Order was entered. "When a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003). The Court is also unpersuaded by Plaintiff's argument that he cannot afford to prosecute the many cases he elected to file. The Supreme Court is clear that "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action,'" and the Clerk must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added). *See also Guinn v. Zavaras,* 100 F.3d 967 (10th Cir. 1996) (The "law does not guarantee an inmate the wherewithal to transform himself into a litigating engine capable of filing any type of action").

Based on this authority and Plaintiff's refusal to comply with § 1915 in this (or any) case, the Court will dismiss the Civil Complaint (Doc. 1) without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The Court will also deny Plaintiff's pending motions to

discharge the filing fee and serve the Complaint (Docs. 7, 9, 12).  Plaintiff's motion to proceed *pro se* (Doc. 8) and withdraw an earlier request for counsel (Doc. 2) will be **GRANTED.**

**IT IS ORDERED** that Plaintiff's Motions to Discharge Fees and Costs (**Docs. 7, 12**) and Motion to Serve Subpoenas and Complaints (**Doc. 9**) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Pro Se (**Doc. 8**) is **GRANTED**; and his earlier Motion to Appoint Counsel (**Doc. 2**) is **WITHDRAWN.**

**IT IS FINALLY ORDERED** that Plaintiff's Civil Complaint filed August 26, 2021 (**Doc. 1**) is **DISMISSED WITHOUT PREJUDICE** and the Court will enter a separate judgment closing the civil case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**